**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**INDEPENDENT HEALTH SERVICES, INC.**                                    **PLAINTIFF**

**V.**                                            **CIVIL NO.: 3:13CV951-HSO-RHW**

**QUALITY CHOICE HEALTHCARE, INC.**                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

BEFORE THE COURT is a Motion for Summary Judgment [18] filed by Plaintiff Independent Health Services, Inc. Defendant Quality Choice Healthcare, Inc. has filed a Response [22] and Plaintiff has filed a Rebuttal [26]. Having considered the pleadings on file, the briefs and arguments of the parties, the record, and relevant legal authorities, the Court finds that Plaintiff's Motion for Summary Judgment [18] should be denied.

I. BACKGROUND

A.   Factual Background

This action arises from an open account contract between Plaintiff Independent Health Services, Inc. ("Plaintiff") and Defendant Quality Choice Healthcare, Inc. ("Defendant"). Plaintiff is an institutional pharmacy located in Rainesville, Alabama, that fills prescription medications for various correctional facilities. Aff. of Myra L. Sanderson [18-1] at p. 1. Prior to September 1, 2012, Plaintiff had directly supplied prescription drugs to Hinds County, Mississippi ("Hinds County") for use in its correctional facilities, including the Hinds County

1

Detention Center, the Hinds County Penal Farm, and the City of Jackson Jail. *Id.* On August 26, 2012, Hinds County entered into a contract with Defendant which called for Defendant to provide comprehensive medical services for inmates of the three correctional facilities located within Hinds County. Aff. of Kathy Rudolph-Petrino [22-1] at p. 1.

Pursuant to the contract with Hinds County, Defendant negotiated with Plaintiff for Plaintiff to supply prescription drugs to inmates in the three correctional facilities. *Id.* Plaintiff maintains that it made no representations to Defendant about the pricing formula of the medications, other than that the pricing formula would remain the same as it had been with Hinds County prior to Defendant's involvement. Aff. of Sanderson [18-1] at p. 2. Defendant claims that Plaintiff represented during negotiations that the charges Defendant incurred would be at least twenty-six percent less than the charges Hinds County had previously incurred. Aff. of Petrino [22-1] at p. 2. On September 5, 2012, Bryan Teat, an employee of Plaintiff, emailed Defendant the following:

> Jonathan,
> I have attached Hinds Co's med usage report for the year. Their average med cost is 50,168.03 per month for all accounts. I ran some reports and it appears your pricing will be approximately 20% less than their current pricing which would be 40,466.78 per month. We look forward to working with your company. Please let me know if you need anything else.
>
> Thanks,
> Bryan Teat, Rph.

*Id.* at p. 9.

In September 2012, Plaintiff began filling prescriptions for Defendant and sending Defendant monthly invoices for the amounts owed. Aff. of Sanderson [18-1] at p. 2. In December 2012, Defendant paid the balance on the September and October 2012 invoices. Aff. of Petrino [22-1] at p. 4; Aff. of Sanderson [18-1] at p. 2. Plaintiff continued to supply prescription drugs to the correctional facilities and send monthly invoices to Defendant from November 2012 through July 2013. Aff. of Sanderson [18-1] at p. 2. The only other payment Plaintiff received from Defendant during this time was a single payment of $18,000.00 in July 2013. *Id.* at p. 3. Plaintiff claims that as a concession to Defendant, Plaintiff agreed to credit Defendant for any invoices that exceeded $50,000.00. *Id.* at pp. 2-3. Defendant asserts that Plaintiff never reduced its invoices to a $50,000.00 cap. Aff. of Petrino [22-1] at p. 5.  Plaintiff and Defendant's contractual relationship terminated on July 31, 2013. Aff. of Sanderson [18-1] at p. 3; Aff. of Petrino [22-1] at p. 6.

On August 27, 2013, Plaintiff sent Defendant a demand letter informing Defendant that it had thirty days to pay the sums owed on the unpaid invoices in full, or Plaintiff would commence suit to collect the amount due. Demand Letter [1-2].  Plaintiff included a summary of the unpaid invoices along with the demand letter. *Id.*

B. <u>Procedural History</u>

Plaintiff filed its Complaint [1] in this Court on October 2, 2013, seeking a judgment against Defendant in the amount of $404,138.51 on the allegedly unpaid invoices pursuant to an open account contract, as well as pre-judgment and post-

3

judgment interest and attorneys' fees. On April 15, 2014, Plaintiff filed a Motion for Summary Judgment, claiming an entitlement to judgment as a matter of law on the alleged amount due by Defendant. Plaintiff argues that it has made out a *prima facie* case on an open account for which there are no defenses. Defendant responds that Plaintiff has failed to meet its burden of establishing that there was a breach in the contract, because it has failed to establish the agreed price terms between the parties.

## II. DISCUSSION

A.   Summary Judgment Standard

Summary judgment is appropriate where the "movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the initial burden of identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

Once the movant meets this initial burden, the nonmovant must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmoving party must

present "significant probative evidence." *Hamilton*, 232 F.3d at 477. A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Celtic Marine Corp. v. James C. Justice Companies, Inc.*, No. 13-30712, 2014 WL 3732647, at *4 (5th Cir. July 29, 2014). A court "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013).

B. <u>Open Account Analysis</u>

Plaintiff argues that it is entitled to summary judgment on the $404,138.51 in allegedly unpaid invoices owed by Defendant on an open account contract. The Court has subject matter jurisdiction over this case based upon diversity of citizenship. Accordingly, the applicable substantive law is Mississippi law. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). The Mississippi Supreme Court has defined an open account as "an account based on continuing transactions between the parties which have not closed or been settled." *Franklin Collection Serv., Inc. v. Stewart*, 863 So. 2d 925, 930 (Miss. 2003). In order to establish a *prima facie* open account case, a plaintiff must present evidence of detailed account ledgers and testimony as to the accuracy of the account ledgers, the temporal relationship between the ledger entries and the actual events they represent, and the delivery of the materials. *Natchez Elec. & Supply Co. v. Johnson*, 968 So. 2d 358, 360-61 (Miss. 2007); *Cardinal Health 110, Inc. v. Smithville Pharmacy, Inc.*, No. 1:08CV67, 2009 WL 1298218, at *3 (N.D. Miss. May 8, 2009).

Once a *prima facie* case is shown on an open account theory, the burden shifts to the account debtor to prove that the amount claimed is incorrect. *Natchez Elec. & Supply Co.*, 968 So. 2d at 360. Proof that the amount owed is not accurate requires more than unsubstantiated assertions that the debt is not correct. *UAP Distribution, Inc. v. Selman*, No. 2:07CV133, 2008 WL 941785, at *3 (S.D. Miss. Apr. 4, 2008). A party defending a *prima facie* open account case must present specific facts, by affidavit or otherwise, that establish a genuine issue for trial. *Id.*

Plaintiff relies on the holding of the United States District Court for the Northern District of Mississippi in *Cardinal Health 110, Inc. v. Smithville Pharmacy, Inc.*, to support its contention that it has established a *prima facie* open account case that Defendant has not rebutted. 2009 WL 1298218. In *Cardinal*, the Court entered summary judgment in favor of a creditor on an open account where the creditor provided an account ledger that reflected all of the transactions between the parties, in addition to an affidavit testifying as to the accuracy of the account ledger, the time of the entries on the account, and verification that the products ordered by the account debtor had been delivered. *Id.* at *4. The Court found that summary judgment was appropriate because the plaintiff in *Cardinal* had carried its burden of establishing a *prima facie* open account case, and the defendants had failed to provide any documentary evidence to the Court beyond the pleadings to support their assertion that there was a genuine issue of material fact as to the principal amount owed by the defendants. *Id.*

Here, the Court is not persuaded that Plaintiff has established a *prima facie*

case on the open account between Plaintiff and Defendant. While Plaintiff has submitted a summary of the charges allegedly owed by Defendant, it has not provided the actual invoices from November 2012 through July 2013 that detail the transactions between the parties. The only invoice that has been supplied to the Court is for the month of September 2012, which the parties agree has already been paid. Plaintiff has not offered any testimony, through affidavit, deposition, or otherwise, affirming the accuracy of the invoices or the temporal relationship between the invoice entries and the actual events they represent. Thus, this case is distinguishable from *Cardinal*. Unlike the plaintiff in *Cardinal,* Plaintiff here has only presented the Court with a summary of the account balance along with one month of invoicing which was previously paid. This evidence is not sufficient to make out a *prima facie* case on an open account claim.

Plaintiff has not established a *prima facie* case on the open account between the parties. Because the burden of proof does not shift to the account debtor until the creditor has established a *prima facie* open account case, the Court need not address the merits of any defenses advanced by Defendant at this time. *Natchez Elec. & Supply Co.*, 968 So. 2d at 360.

### III. CONCLUSION

For the foregoing reasons, the Court finds that summary judgment is inappropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Independent Health Services, Inc.'s Motion for Summary Judgment [18] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 15th day of October, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE